IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

**KEVIN STIVEN PEREZ GARCIA,**
**A# 249046727,**

Petitioner,

v. **No. 3:26-cv-02967-P-BW**

**WARDEN, PRAIRIELAND DETENTION CENTER,**

Respondent.

## MEMORANDUM OPINION & ORDER

Before the Court are Petitioner Kevin Stiven Perez Garcia's (1) *Emergency Motion for Expedited Consideration, Order to Show Cause, and Immediate Release from Custody* (Doc. 2); (2) *Emergency Motion to Prevent Transfer and to Preserve the Court's Jurisdiction* (Doc. 3); and (3) *Emergency Motion for Stay of Removal and to Enjoin Removal During the Pendency of this Action* (Doc. 4.) For the reasons that follow, the Court **DENIES** Petitioner's motions.

Petitioner is an immigration detainee in the custody of United States Immigration and Customs Enforcement ("ICE") at the Prairieland Detention Center ("PDC") in Alvarado, Texas. He filed this *pro se* habeas action under 28 U.S.C. § 2241 challenging his immigration detention.

## PROPER RESPONDENT

"The federal habeas statute straightforwardly provides that the proper respondent to a habeas petition is 'the person who has custody over [the petitioner].'" *Rumsfeld v. Padilla,* 542 U.S. 426, 434 (2004) (quoting 28 U.S.C. § 2242). Generally, this is "'the person' with the ability to produce the prisoner's body before the habeas court." *Id.* at 435. Because Petitioner is detained at PDC, the proper Respondent is the Warden of PDC. *See id.* at 436. Accordingly, the Court **DIRECTS** the Clerk of the Court to change the caption of this case to reflect the

Warden of PDC as the only proper respondent in the case and to terminate all other current respondents.

## REQUEST FOR EXPEDITED CONSIDERATION

In his first motion, Petitioner requests that the Court expedite its consideration of his § 2241 petition, issue an order directing the respondent to show cause within three days, and issue an order for his immediate release from ICE custody or, alternatively, for an individualized custody hearing at which the respondent bears the burden of proof. *See* Doc. 2 at 1, 4.

To the extent Petitioner requests the issuance of a show cause order, the Court **DENIES** the motion as moot in light of the show cause order that has now been entered in this case. *See* Doc. 10. To the extent Petitioner requests that the Court's show cause order mandate a response from the respondent within three days and otherwise seeks expedited consideration of his petition, "[t]here is no statutory or constitutional right to the disposition of a [habeas petition] within a specific time." *United States v. Samples*, 897 F.2d 193, 195 (5th Cir. 1990). Further, a federal district court has inherent power to control its docket and determine the order in which to hear and decide pending cases. *See United States v. Colomb*, 419 F.3d 292, 299 (5th Cir. 2005). Although 28 U.S.C. § 1657 requires federal courts to expedite matters if good cause is shown, that requirement is "relative, not specific." *Samples*, 897 F.3d at 195; *see also* 28 U.S.C. § 1657(a).

Here, Petitioner has been detained for less than two months, and available online records of the Executive Office for Immigration Review ("EOIR"), of which the Court takes judicial notice, show that an immigration judge granted voluntary departure to Petitioner on September 17, 2026 in his immigration case. *See* EOIR, Automated Case Information, https://acis.eoir.justice.gov/en/ (last visited Sept. 22, 2026). Because Petitioner has not identified circumstances that are unique to those regularly faced by habeas petitioners, i.e., detention and the consequent separation from family members, he has not established good cause under § 1657 to require an expedited response from the respondent and to have the petition addressed before older petitions

pending before the Court. The Court therefore **DENIES** Petitioner's request to expedite this case.

As to Petitioner's remaining requests in the motion, namely, immediate release or an individualized custody hearing, a court cannot render ultimate relief in a habeas action in the form of preliminary relief. *See, e.g.*, *Cruz Ramirez v. Mullin*, No. 6:26-CV-035-H, Doc. 6 at 2 (N.D. Tex. Feb. 5, 2026) (citing *Ramirez Rios v. Noem*, No. 3:25-CV-522, 2025 WL 3220095, at *1 (W.D. Tex. Nov. 7, 2025)). Because the preliminary relief requested by Petitioner improperly seeks some of the same ultimate relief that he requests in his § 2241 petition, the Court **DENIES** the remaining relief requested by his motion.

## REQUEST TO PREVENT TRANSFERS

In his second motion, Petitioner asks the Court to prospectively prohibit ICE from transferring him from PDC to any detention facility outside the territorial jurisdiction of the Court. *See* Doc. 3. As Petitioner recognizes, however, any transfer from PDC to an ICE facility outside of the Northern District of Texas would not impact the Court's jurisdiction in this habeas action. *See id.* at 2. Jurisdiction attached on the initial filing of Petitioner's § 2241 petition and is not destroyed by any transfer of Petitioner and accompanying custodial change. *See Griffin v. Ebbert*, 751 F.3d 288, 290–91 (5th Cir. 2014). Petitioner complains that a transfer "would separate Petitioner from the records, the witnesses, and the family members whose declarations support this action; would interrupt any communication he has established regarding his case; would invite litigation over the proper respondent and the proper forum; and would delay resolution of a matter whose entire premise is that delay is itself the injury." Doc. 3 at 2.

Petitioner has not been transferred from PDC since he filed this action, and he admits that he "is not aware of any pending transfer." *Id.* His concerns and allegations of harm in the event of a transfer are wholly speculative and insufficient to support his requested injunctive relief. *See*, *e.g.*, *Hogan v. Salazar*, SA-19-CV-255-DAE, 2020 WL 13833090, at *3 (W.D. Tex. Feb. 24, 2020) ("Mere speculation or conclusory allegations of an irreparable harm are insufficient to entitle

a movant to injunctive relief.") (collecting cases). Put differently, Petitioner fails to show any likelihood of irreparable harm such that injunctive relief would be warranted because he offers no proof that any transfer is imminent or will occur before the Court can rule on his habeas petition or that any of his alleged concerns will interfere with the Court's ability to resolve Petitioner's habeas petition. The Court therefore **DENIES** Petitioner's second motion.

## REQUEST TO STAY OR ENJOIN REMOVAL

In his third motion, Petitioner asks the Court "to enjoin Respondents from removing him from the United States during the pendency of this action." Doc. 4 at 1. Petitioner acknowledges that no final removal order has been imposed against him and that "Respondents have made no representation that they intend to remove Petitioner." *Id.* at 1–2. Further, as the Court has discussed, Petitioner has been granted voluntary departure by an immigration judge in his immigration proceedings. *See* EOIR, Automated Case Information, https://acis.eoir.justice. gov/en/ (last visited Sept. 22, 2026). At any rate, the Court lacks jurisdiction to prevent or stay Petitioner's removal from the United States. *See, e.g.*, *Fabuluje v. Immigr. and Naturalization Agency*, 244 F.3d 133, 2000 WL 1901410, at *1 (5th Cir. Dec. 5, 2000); *Idokogi v. Ashcroft*, 66 F. App'x 526, 2003 WL 21018263, at *1 (5th Cir. Apr. 18, 2003).

Accordingly, the Court **DENIES** Petitioner's request to stay or enjoin his removal from the United States. To the extent Petitioner requests, in the alternative, that the respondent provide the Court and Petitioner with at least 72 hours' notice of any removal, the request is **DENIED** as moot in light of the respondent's notice that it will provide at least three days' notice before executing any removal of Petitioner from the United States. *See* Doc. 4 at 3; Doc. 11.

## CONCLUSION

For the foregoing reasons, the Court **DENIES** Petitioner's *Emergency Motion for Expedited Consideration, Order to Show Cause, and Immediate Release from Custody* (Doc. 2), **DENIES** Petitioner's *Emergency Motion to Prevent Transfer and to Preserve the Court's*

*Jurisdiction* (Doc. 3), and **DENIES** Petitioner's *Emergency Motion for Stay of Removal and to Enjoin Removal During the Pendency of this Action* (Doc. 4).

**SO ORDERED** on this **22nd day** of **September 2026.**

Mark T. Pittman

Mark T. Pittman
UNITED STATES DISTRICT JUDGE